# New York Supplement

## VOLUME 99,

AND

## New York State Reporter,

## VOLUME 133.

---

**PEOPLE ex rel. CONNOLLY v. BOARD OF EDUCATION OF CITY OF NEW YORK.**

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

1. APPEAL—CASE—EXCEPTIONS, BILL OF—NECESSITY.

Where the purpose of an appeal from a final order in a mandamus proceeding was to present pure questions of law, it was not necessary to prepare a case and exceptions.

2. SAME—HEARING—CALENDARS.

Where an appeal is taken from a final order in a mandamus proceeding to the Appellate Division, without a case and exceptions, presenting questions of law merely, and no appeal is taken from an order denying a motion to set aside the verdict of a jury, it was properly placed on the nonenumerated calendar, as provided by general practice rule 44 and Appellate Division rules 2, 3, and 4.

Appeal from Trial Term.

Mandamus by the people, on relation of Louis C. Connolly, against the board of education of the city of New York. From a final order in favor of relator, defendant appeals. On motion to strike the appeal from nonenumerated calendar. Denied.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Thos. F. Gilroy, Jr., for the motion.
J. H. Greener, opposed.

PER CURIAM. The question presented is whether this appeal is an enumerated or a nonenumerated motion. It is an appeal from a final order in a mandamus proceeding, in which, although there were issues

of fact disposed of on a trial by a jury, there were none of the usual motions made at the end thereof to set aside the findings, nor were any exceptions thereto filed; and upon the entry of the final order no motion was made for a new trial. The purpose of this appeal being to present purely questions of law, it was not necessary to have a case and exceptions. Where the latter has been found necessary, the practice has been under the construction given to our rules, to place the appeal from the final order in mandamus proceedings upon the enumerated calendar. On the other hand where, as here, the record contains merely the petition, the order, the alternative writ and the findings of the justice at the Trial Term and the final order granting the mandamus; but where the testimony is not printed, and there is no case on appeal, and no order denying a motion to set aside the verdict, nor any appeal therefrom, and where it is sought to present merely questions of law, we have held that such an appeal should be placed upon the nonenumerated calendar.

We have not in this view overlooked rule 38 of the general rules of practice, which provides that nonenumerated motions are motions arising on appeals from final orders and matters provided for by sections 2085 to 2099, and 2138, of the Code of Civil Procedure. Section 2087 of the Code (which is within the section included in rule 38) provides:

" * * * An appeal from a final order made upon an alternative mandamus must be taken as an appeal from a judgment, and each provision of law relating to an appeal from a judgment, either to the Appellate Division or the Court of Appeals, is applicable thereto."

The preceding section (2082) provides:

"Mandamus. Proceedings after the issue is joined upon the facts or upon the law, are in all respects the same as in an action, and each provision of this act, relating to the proceedings in an action, apply thereto."

The contention of the moving party that this requires that a mandamus proceeding should for all purposes be treated as though it were a judgment in an action, does not follow from these provisions of the Code; because while they do require that the proceedings shall be the same as in an action, it will be noticed that what they do is simply to prescribe the form in which the appeal must be taken and the practice in relation thereto. The question, however, which we are considering as to whether the appeal is to go upon the enumerated or the nonenumerated calendar, is controlled by rule 44 of the general rules of practice and rules 2, 3, and 4 of the rules of the Appellate Division of this department. The construction which we have placed upon our own rules has been that with respect to mandamus proceedings which come up on an appeal from a final order, the question as to whether they went on one calendar or the other depended upon whether the questions sought to be presented arose upon a case, and exceptions involving an appeal taken from a final order denying a motion to set aside the verdict in such proceedings, and which necessarily brought up for review questions both of law and of practice. There, clearly, the appeal should be placed upon the enumerated calendar. Where, as here, the record presented merely questions of law, and there was no case and exceptions, and no appeal from an order denying a motion to set aside the verdict, it was properly placed upon the nonenumerated calendar.

For these reasons, the motion should be denied.